UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **FREDDIE BROUSSARD** | **CASE NO. 6:18-CV-00701 SEC P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **MARK GARBER ET AL** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Pro se plaintiff Freddie Broussard, proceeding in forma pauperis, filed the instant civil rights complaint on May 25, 2018. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim for which relief may be granted.

### Statement of the Case

Plaintiff Freddie Broussard filed the instant suit naming as defendants Lafayette Parish Sheriff Mark Garber, Gloria Kibodeaux, Brittany Kibodeaux and the Lafayette Parish Correctional Center ("LPCC"). On April 11, 2011, plaintiff was arrested by the Lafayette Parish Sheriff's Department on a charge of aggravated rape. The charges were filed by Brittany Kibodeaux who alleged that plaintiff raped her 85 year old mother, Gloria Kibodeaux. Plaintiff contends the relationship was consensual.

He was incarcerated at LPCC for approximately a year, transferred to East Carroll Correctional Center, and then returned to LPCC for trial in 2013. [Rec. Doc. 1-2, p. 18] He contends that a subpoena was issued for the Kibodeauxs to appear at trial, but they moved without leaving a forwarding address. *Id.* Plaintiff asserts that his court appointed attorney did not contact him at any time prior to her arrival at LPCC, with an assistant district attorney, in 2013 to inform him that he was going to be released, as his case had been dismissed on January 9, 2013. *Id.* He complains that he was released by LPCC and given a "small pair of girl's pajamas to wear and no shoes" and had to walk home in the rain. *Id.*

Plaintiff brings claims against Lafayette Parish Sheriff Mark Garber for false arrest, against the Kibodeauxs claiming mental anguish and embarrassment caused by their false allegations of rape, and against the LPCC. He concedes that he sustained no injuries. [Rec. Doc. 1, p. 5, ¶ IV.]

## Law and Analysis

### *1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *see, Denton v. Hernandez*, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe in forma pauperis complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153,* 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to

speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 15*3, 23 F.3d at 97.2.

## 2. Prescription

Plaintiff brings suit against the Lafayette Parish Sheriff, Mark Garber. He asserts that he was falsely arrested by the Lafayette Parish Sheriff's Department on April 11, 2011.

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983). The "statute of limitations upon a §1983 claim seeking damages for a false arrest in

4

violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384 (2007).

Plaintiff's false arrest and imprisonment claims thus accrued on or around April 11, 2011, when the judge in the criminal matter would have reviewed the allegations set forth in the affidavit of probable cause and determined that probable cause for plaintiff's arrest and detention had been established. *See Villegas v. Galloway*, 2012 WL 45417 (5th Cir. 2012)(unpublished) ("...false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate. *Wallace v. Kato*, 549 U.S. 384, 389–90 (2007). The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff therefore had 1-year from the date that the judge in the criminal matter made his determination of probable cause, or until approximately April 11, 2012, to file his civil rights complaint claiming false arrest. Plaintiff's complaint was filed on May 25, 2018, well beyond the expiration of the 1-year period of limitations and therefore, his claims against Lafayette Parish Sheriff Mark Garber have prescribed. Because his claim is time barred, plaintiff has not stated a claim upon which relief can be granted.

3. **State Actors**

Plaintiff also names as defendants Gloria Kibodeaux, the alleged victim in the criminal matter, and her daughter Brittany Kibodeaux. In order to recover under §1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). In order to prove the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). In §1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's 'state action' requirement and § 1983's 'under color of state law' requirement collapse into a single inquiry." *Landry v. A-Able Bonding*, Inc., 75 F.3d 200, 203 (5th Cir.1996).

The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor. *Id.* at 203-04 (*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Neither Gloria Kibodeaux nor Brittany Kibodeaux are state actors and, as such, plaintiff has failed to state a claim against them for which relief may be granted.

### *4. Juridical Person*

Finally, plaintiff has named as a defendant the Lafayette Parish Correctional Center ("LPCC"). Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether LPCC is an entity which has the capacity to sue or be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "… an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

The LPCC is not an entity capable of being sued. LPCC is a parish corrections facility operated by the Sheriff of Lafayette Parish. *Piearson v. Corr. Ctr. Lafayette Parish*, 2006 U.S. Dist. LEXIS 95214, 2006 WL 4012476 (*citing* La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; *Langley v. City of Monroe*, 582 So.2d 367 (La.App.2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly cared for, fed and clothed.)). Accordingly, plaintiff's suit against this non-juridical entity is frivolous and dismissal on that basis is recommended.

## Conclusion and Recommendation

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed this 19th day of July, 2018 at Lafayette, Louisiana.

Patrick J. Hanna
**United States Magistrate Judge**